**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.

OLUSEGUN ABIOLA, a/k/a Oladapo
Johnson, a/k/a Ayodeji O. Abiola,
                *Defendant-Appellant.*

No. 02-4436

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-01-531-DKC)

Submitted: November 7, 2002

Decided: December 3, 2002

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James Wyda, Federal Public Defender, Daniel W. Stiller, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, James M. Trusty, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Olusegun Abiola appeals his conviction for unauthorized reentry of a deported alien after conviction of an aggravated felony in violation of 8 U.S.C. §§ 1326(a), (b)(2) (2000). Finding no reversible error, we affirm.

Abiola raises only one issue on appeal, claiming that the district court erred in denying his motion to dismiss the indictment. Abiola claims that his summary removal under the Visa Waiver Pilot Program ("VWPP") did not amount to a deportation as that term is used in 8 U.S.C. § 1326 (2000). Specifically, he claims that the Government failed to produce sufficient documentation of entry under the VWPP and of his waiver of rights to a deportation hearing. Abiola also claims that the "Acting ADDI" who authorized the summary removal action did not possess the authority to order his removal. We conduct a de novo review of the district court's denial of a motion to dismiss the indictment. *United States v. Brandon*, 298 F.3d 307 (4th Cir. 2002).

On appeal, Abiola is essentially challenging his prior removal under the VWPP. In the context of a prosecution for illegal reentry after deportation, a defendant may collaterally attack a deportation constituting an element of the offense if he can show that: (1) he was effectively deprived of his right to judicial review of the deportation order; (2) the deportation proceedings were fundamentally unfair; and (3) he has exhausted any administrative remedies that may have been available to seek relief against the deportation order. 8 U.S.C. § 1326(d); *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987).

Based on our review of the formal briefs and the joint appendix submitted in this case, we find that Abiola may not collaterally attack his prior deportation order because he fails to show that it was

obtained under conditions that were fundamentally unfair. The parties stipulated in the district court that (1) Abiola entered the United States through the VWPP in 1992; (2) all visa waiver applicants under the VWPP were required to complete, sign and date an I-94W form; (3) the I-94W form includes a waiver of rights whereby the applicant agrees to waive his rights to review of any action taken in deportation proceedings; and (4) the INS, in the ordinary course of business, destroyed the original form and reduced the information from the form into its database. Abiola entered the United States from the United Kingdom, and it is undisputed that he reads, speaks, and understands English. Given these stipulations, we find that Abiola validly waived any right to review of the INS's determination of deportability. Accordingly, Abiola waived the rights he now asserts were improperly denied and thus cannot show fundamental unfairness.

Because Abiola fails to meet the test set forth in 8 U.S.C. § 1326(d), he cannot collaterally attack his prior deportation. We therefore uphold the district court's denial of Abiola's motion to dismiss the indictment and affirm his conviction for illegal reentry. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*